IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY LYNN BAUER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 24-CV-4744 |
| | : |
| THE CENTER FOR ANIMAL<br>HEALTH & WELFARE,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

**SCHMEHL, J.  /S/ JLS**                                                    **SEPTEMBER  10, 2024**

      Kelly Lynn Bauer has filed a civil action alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, and the Pennsylvania Human Relations Act, 42 Pa. Cons. Stat. §§ 951-963.  Named as Defendant is the Center for Animal Health & Welfare ("CFAHW").  Bauer also seeks leave to proceed *in forma pauperis*.  For the following reasons, the request to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed.

**I.**       **FACTUAL ALLEGATIONS**[1]

      Bauer filed her claim using the Court's preprinted form available to unrepresented litigants to file employment discrimination claims.  She asserts claims based on the termination of her employment, failure to reasonably accommodate her disability, failure to stop harassment, and retaliation.  (Compl. at 2-3.)  In the portion of the form Complaint that asked Bauer to state the facts of her case, she stated in conclusory terms only that CFAHW created a hostile work environment after she reported illegal activity by a board member, the board member exploited

---

[1] The facts set forth in this Memorandum are taken from Bauer's Complaint (ECF No. 3). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

her disability to hinder her performance and impede her professional growth, she experienced retaliation in the form of slander and harassment, her requests for reasonable accommodations were denied, and she was willfully caused undue mental hardship during her employment. (*Id*. at 3.)

## II.     STANDARD OF REVIEW

The Court will grant Bauer leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F.4th ___, 2024 WL 3820969 (3d Cir. Aug. 15, 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Bauer is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III.    DISCUSSION

Bauer asserts claims based on termination of her employment, failure to reasonably accommodate her disability, failure to stop harassment, and retaliation. To state a claim for employment discrimination under the ADA, a plaintiff must allege that she has a disability

2

within the meaning of the ADA, she was "'otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;]' and she 'suffered an otherwise adverse employment decision as a result of discrimination.'" *Morgan v. Allison Crane & Rigging LLC*, No. 23-1747, 2024 WL 4033125, at *3 (3d Cir. Sept. 4, 2024) (quoting *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020)). A person is disabled within the meaning of the ADA if they: (1) have "'a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Id*. (quoting 42 U.S.C. § 12102(1)). Claims under the PHRA are interpreted coextensively with their federal counterparts. *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts"). Bauer has not alleged that she is a qualified individual with a disability. She has not offered any facts about her alleged disability at all. Thus, her ADA and PHRA claims based on disability discrimination are not plausible as pled.

The Court also understands Bauer to allege a hostile work environment claim based on her statement that CFAHW failed to stop harassment against her by a board member. To plead a hostile work environment claim, a plaintiff must allege: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014). Bauer's assertion of a hostile work environment is

3

conclusory. While she asserts that she that CFAHW created a hostile work environment after she reported illegal activity by a board member, she does not describe any event to support the claim or allege that the discrimination was due to her disability. Because she has not alleged facts to support the elements of a hostile work environment claim, it too will be dismissed.

Bauer also states she was the subject of retaliation. The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." *Id*. This provision is similar to Title VII's prohibition of retaliation. *See* 42 U.S.C. § 2000e–3(a). Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing cases). A plaintiff states a retaliation claim based on employment discrimination if she "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII [or here the ADA]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016);; *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017). A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995). While Bauer alleges that she reported illegal activity by a board member, the board member exploited her disability to hinder her performance and impede her professional growth, and she experienced retaliation in the form of slander and harassment (Compl. at 3), she does not allege facts to support these conclusory assertions. As

noted, she does not describe her disability or any act by her employer that was based on that disability.  While she asserts she reported "illegal activity" by a board member, she does not describe to whom she reported it, that she complained specifically about unlawful disability discrimination, or how the illegal activity involved conduct protected by the ADA, so as to allege a causal link between protected conduct and an adverse employment action.  Accordingly, this claim is also not plausible as pled.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Bauer's ADA and PHRA claims without prejudice.  Cognizant of Bauer's *pro se* status, the Court will grant her an opportunity to "flesh out [her] allegations by . . . explaining in [an] amended complaint the 'who, what, where, when and why' of [her] claim."  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).  An appropriate order dismissing the Complaint without prejudice and with further information about filing an amended complaint will be entered separately.[2]

                                                         **BY THE COURT:**

                                                         **/s/ Jeffrey L. Schmehl**
                                                         **JEFFREY L. SCHMEHL, J.**

---

[2] Bauer's motion to appoint counsel will be denied as premature pending her submission of an amended complaint.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (stating that, in determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law").